**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br>    Plaintiff,<br><br>            v.<br><br>CHANCE BELCHER,<br>    Defendant. | Civil Action No.<br>1:20-cv-03409-SDG |

**OPINION AND ORDER**

This case is before the Court on motions to dismiss the Amended Complaint filed by (1) Defendants Chris Dusik, Vince DiFatta, Matt Legerme, Rob Kirschner, and Seung Suk (the Lilburn Defendants) [ECF 35] and (2) Defendant Chance Belcher [ECF 36]. For the following reasons, the Lilburn Defendants' motion is **GRANTED**, and Belcher's motion is **GRANTED in part** and **DENIED in part**.

**I.     Background**

The Court has already once dismissed Johnson's attempt to bring these claims. Despite having been given limited leave to replead—and fairly detailed guidance about how to do so—Johnson instead doubled down. The factual allegations in the Amended Complaint are virtually identical to those in his original pleading—including allegations related to causes of action that the Court

dismissed.[1] Rather than extensively repeating itself, the Court assumes the parties' familiarity with its prior dismissal Order.[2]

## II.   Discussion

In short, this case deals with the early-morning execution of a valid search warrant on Johnson's home. Based on an investigation initiated by the Department of Homeland Security, Belcher (of the Suwanee Police Department) obtained the warrant.[3] Johnson asserts that officers violated his federal constitutional rights and Georgia law during the search by handcuffing and detaining him outside of his home while he was completely naked and in full view of the public.[4] Despite his requests, Johnson alleges that the officers refused to provide Johnson with clothing or any type of covering.[5]

---

[1]  For instance, the Court dismissed with prejudice Section 1983 claims by Johnson's wife against the Lilburn Defendants based on qualified immunity and her state-law claims for lack of jurisdiction. ECF 32, at 21–22, 25–26, 29. Despite this, the Amended Complaint contains the same allegations about her seizure as the original complaint. *Compare* ECF 34, ¶¶ 28, 32–33, 41–45 *with* ECF 1, ¶¶ 29, 33–35, 42–46.

[2]  *See generally* ECF 32. Johnson filed his Amended Complaint on October 13, 2021, and Belcher and the Lilburn Defendants timely moved to dismiss.

[3]  ECF 34, ¶¶ 11–13.

[4]  *Id.* ¶¶ 16, 20–22, 33.

[5]  *Id.* ¶¶ 23–25.

In his Amended Complaint Johnson alleges that Belcher detained and questioned him, but does not identify any other person involved in his detention. Rather, Johnson contends that the identities of those officers "are presently unknown" but that they "all are white male persons dressed in Suwanee or Lilburn Police uniforms."[6]

Johnson reasserts the same causes of action he brought in his original Complaint: (1) under Section 1983 for violations of the Fourth Amendment; (2) under state law for assault, battery, and false imprisonment; (3) under state law for invasion of privacy; (4) under the Georgia Constitution for the right to be free from unreasonable searches and seizures; and (5) attorneys' fees and expenses of litigation under Section 1988.[7] In responding to the motions to dismiss, Johnson reasserts many of the arguments the Court rejected in its original dismissal Order.

**A.     Belcher**

Belcher seeks to dismiss Johnson's Section 1983 claim based on qualified immunity,[8] and the state-law claims based on official immunity.[9]

---

[6]  *Id.* ¶¶ 16, 26.

[7]  *Id.* at 11–18.

[8]  ECF 36-1, at 8–14.

[9]  *Id.* at 14–16.

### 1.   Johnson's federal cause of action

Although the First Cause of Action in the Amended Complaint is titled as the right to be free from unreasonable seizure, the substance of that claim is based on both an unreasonable seizure *and* the "unreasonable and unjustified" manner of Johnson's seizure.[10] Belcher asserts that he is entitled to qualified immunity.[11]

To the extent Johnson presses an unreasonable seizure claim, it fails for the reasons identified in the Court's prior dismissal Order: Johnson's brief handcuffing and detention during a search made pursuant to a valid warrant were constitutionally permitted.[12] *See, e.g., Los Angeles Cnty. v. Rettele*, 550 U.S. 609, 616 (2007). Conversely, to the extent Johnson's claim is predicated on the allegedly unreasonable *manner* of his seizure, it is not subject to dismissal as to Belcher.

#### *i.*   Specificity

The Amended Complaint alleges that Belcher obtained the search warrant for Johnson's home and that he personally detained and questioned Johnson while

---

[10]   ECF 34, ¶ 51 (unreasonable manner of seizure), ¶ 53 (unreasonable seizure).
[11]   ECF 36, at 8–14.
[12]   ECF 32, at 19–21.

Johnson was naked.[13] The pleading also asserts that Belcher was the "detective in charge on the scene."[14] Specifically, Johnson contends that Belcher

> directed, condoned, sanctioned and personally oversaw and participated in the physical restraint and detention of the Plaintiff while other police officers searched his home. [Belcher] personally directed the unlawful execution of the warrant by causing Plaintiff CHRISTOPHER JOHNSON *to remain in a state of nakedness for an objectively unreasonable amount of time* while he questioned him both outside his home and in his garage, thereby violating his clearly established right to bodily privacy.[15]

Contrary to Belcher's assertion, then, the Amended Complaint does identify the conduct in which he engaged with sufficient specificity.[16]

### ii.  Qualified immunity

Belcher also argues that he is entitled to qualified immunity, attempting to distinguish cases cited in the Court's previous order that rejected similar arguments. Belcher says he did not violate any law that was clearly established.[17] Like the Lilburn Defendants, he argues that officers were not required to allow

---

13   ECF 34, ¶¶ 11–13, 16.

14   *Id.* ¶ 40.

15   *Id.* ¶ 49.

16   *Compare* ECF 47, at 2.

17   *Id.* at 21–25.

Johnson to reenter his home once he answered the door naked until the home had been secured.[18] He also incorrectly asserts Johnson failed to allege a specific amount of time he was held in a state of undress outside his home.[19]

The Amended Complaint pleads that *Belcher* (with other unidentified officers): detained Johnson outside for approximately 20 minutes, while he was fully nude, for no legitimate purpose; in full view of the public; questioned him; and denied his repeated requests for clothing.[20] A prolonged detention or special circumstances can turn a reasonable search into an unreasonable one.[21] Johnson has alleged both that his detention was far longer than necessary and that forcing him to remain naked during that time was demeaning, embarrassing, and humiliating.[22] The Court has already concluded that similar allegations prevented the application of qualified immunity at this stage.[23]

As the Court explained in its initial dismissal order, such immunity generally shields "government officials performing discretionary functions" from

---

[18] ECF 36-1, at 11.

[19] *Id.* at 10–11.

[20] ECF 34, ¶¶ 16, 22–33, 39.

[21] ECF 32, at 24 (citing *Rettele*, 550 U.S. at 614–15).

[22] ECF 34, ¶¶ 38–39, 46.

[23] ECF 32, at 22–25.

"liability for civil damages" if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

There is no dispute that Belcher was performing a discretionary function.[24] And the Court has already concluded that Johnson had a clearly established right to bodily privacy.[25] To avoid that holding, Belcher tries to distinguish *Mitchell v. Stewart*, 608 F. App'x 730 (11th Cir. 2015) (per curiam), and *May v. City of Nahunta*, 846 F.3d 1320 (11th Cir. 2017).[26] Those efforts are unavailing.

Belcher contends *May* would not have placed him on notice because it involved an officer forcing a person of a different gender to change clothes in front of him.[27] But the Court never relied on *May* to determine that Johnson had sufficiently alleged a violation of a clearly established constitutional right.[28] The Court *did* rely on *Mitchell*. Belcher suggests that case could not have placed him on notice that detaining a suspect who has *not* been arrested, outside, naked, and in

---

[24] ECF 43.

[25] ECF 32, at 21 (citing *Mitchell v. Stewart*, 608 F. App'x 730, 734–35 (11th Cir. 2015) (per curiam)).

[26] ECF 36-1, at 12–14.

[27] *Id.* at 13.

[28] ECF 32, at 22–25.

full view of the public for an extended period of time would violate a constitutional right of which a reasonable person would have known.[29]

This suggestion is plainly foreclosed by the Court's prior Order:

> [I]n *Mitchell*, the Eleventh Circuit upheld the denial of qualified immunity to officers who detained the plaintiffs in their home and then transported them to jail while only partially clothed with their genitalia exposed. "[I]f a prison guard must have a legitimate reason for impinging an inmate's right to bodily privacy, then an arresting officer certainly must have a legitimate reason for violating the bodily privacy rights of an arrestee." 608 F. App'x at 735. Johnson has therefore sufficiently alleged a violation of a constitutional right that was clearly established at the time of his seizure: his right to bodily privacy and unreasonable exposure of his genitalia to onlookers.[30]

Belcher is not entitled to qualified immunity as a matter of law on Johnson's claim for the unreasonable manner of his seizure.[31] Because this portion of Johnson's Section 1983 cause of action survives, his Section 1988 claim is also viable.

---

[29] ECF 36-1, at 12–13.

[30] ECF 32, at 22–23 (footnote omitted).

[31] *Id.* at 21–25.

**2.    Belcher is entitled to official immunity.**

Belcher argues that he is entitled to official immunity on Johnson's state-law claims because the Amended Complaint does not adequately allege malice.[32] Johnson did not respond to this argument.[33] As the Court's prior Order explained, the original Complaint lacked sufficient factual allegations to make Johnson's general assertion of malice plausible.[34] The Amended Complaint does not add a single detail that could support a claim of actual malice. Johnson instead chose to stand on the same generic allegation that Belcher "acted with actual malice and the specific intent to cause harm."[35] Belcher is therefore entitled to official immunity on the state-law claims. Since the demand for punitive damages depends on a state-law claim, it must also be dismissed. O.C.G.A. § 51-12-5.1(b).

**B.    The Former Defendants**

**1.    Belcher is the only Defendant.**

The Amended Complaint names only one Defendant: Chance Belcher.[36] The pleading does not name any of the Lilburn Defendants or the "Suwanee

---

[32]  ECF 36-1, at 14–16.

[33]  *See generally* ECF 43.

[34]  ECF 32, at 26–29.

[35]  ECF 34, ¶¶ 57, 62.

[36]  *Id.* at 1 (caption).

Defendants" (*i.e.*, Dwayne Black, Simon Byun, Ashley Kessler, Brandon Mathews, "FNU" Pachoke, and Brody Thomas) who were named in the original pleading. The caption on the Amended Complaint identifies only Belcher and John and Jane Does 1–15.[37] Nor is any other Defendant specifically mentioned in the body of that pleading. Belcher is therefore the only Defendant and none of the other parties named in the original Complaint remain in this case.

Belcher's motion to dismiss asserts that Rule 21 prohibited Johnson from dismissing any Defendants without leave of Court.[38] This is incorrect. The Court dismissed all of the claims in the original Complaint but gave Johnson leave to amend. When the Amended Complaint was filed, it superseded the prior pleading and Johnson named only Belcher as a Defendant. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (under federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case") (citations omitted). In fact, a quick review of the docket shows that all of the other Defendants were terminated from the case when Johnson filed his Amended Complaint without again naming them as parties.

---

37   *Id.* at 1.
38   ECF 36-1, at 17.

### 2. Johnson cannot proceed against John Doe Defendants.

As the Lilburn Defendants succinctly put it:

> In the Court's Order granting defendants' motions to dismiss, the Court explained how the original complaint was defective and allowed Johnson to amend his complaint to cure those defects. Although Johnson repleaded his complaint, he did nothing to cure the defects that the Court described in its Order. And by omitting the Lilburn defendants as parties to the amended pleading, Johnson has effectively abandoned his claims against them.[39]

In response, Johnson contends otherwise, arguing that "he is now referring to these Lilburn Defendants as unknown in that he does not know them by name sufficient to associate all particular individual actions on their part to his unlawful detention, in a[n] effort to satisfy the instructions and directives of the Court even though he believes those directives are erroneous."[40] Defiantly changing the names of specific Defendants to "John Doe" does not cure the problems the Court identified in Johnson's original pleading.

First, and as a general matter, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). There is "a

---

39  ECF 35-1, at 1–2 (citations omitted).

40  ECF 42, at 2.

limited exception to this rule when the plaintiff's description of the defendant is so specific as to be, 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). The only allegations in the Amended Complaint relevant to that narrow exception state that Johnson was detained by "white male persons" who were wearing Suwanee or Lilburn police uniforms.[41] This is unhelpful because the videos make clear not every officer on the scene was white. There are no allegations that any of the Lilburn Defendants fit that description or were even present during the warrant execution. Johnson does not contend any female officers were involved, but the case caption includes "Jane Does" as Defendants as well.[42]

Second, the videos make clear that every officer present was not involved in the alleged violation of Johnson's rights.[43] Some officers maintained a perimeter outside the house and were not involved in Johnson's detention. Several officers entered the house to secure it; it does not appear they were involved in detaining Johnson either. From the videos, it appears that only one officer was actually

---

41  ECF 34, ¶ 26.

42  *See generally* ECF 34.

43  ECF 5, Exs. B, C, D.

involved in seizing and handcuffing Johnson.[44] Even at the pleading stage, a defendant is entitled to know what wrong he is alleged to have committed. The Amended Complaint cannot succeed by lumping every officer who participated in executing the warrant into the same category and make no effort whatsoever to provide any type of description of how those individuals allegedly violated Johnson's rights. *See, e.g., O'Kelley v. Craig*, 781 F. App'x 888, 895 (11th Cir. 2019) (per curiam) (upholding dismissal of Section 1983 claims because the plaintiff had failed to "allege sufficient facts . . . to show that [two of the defendants] were personally involved in the acts that resulted in the alleged constitutional deprivations"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam) (upholding dismissal of complaint for failure to state a claim where the pleading was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of").

Johnson objects that the Court's prior ruling was erroneous but does not cite any case law supporting his contention that he is not required to provide each

---

[44] *Id.*, Ex. B. (Kirschner video).

Defendant with fair notice of the claims against him until after discovery.[45] In short, nothing in the Amended Complaint alleges how every officer involved in the warrant execution allegedly violated Johnson's constitutional rights—regardless of his ability to provide the proper name of each officer. Accordingly, Johnson cannot pursue claims against the Doe Defendants whether or not they are intended to stand in for the Lilburn Defendants or other unknown individuals.[46]

---

[45] ECF 42, at 7–8.

[46] ECF 34, at 1, ¶ 26. Belcher also argues that the Doe Defendants should be dismissed from the case. ECF 36-1, at 17–18.

### III. Conclusion

The Second, Third, and Fourth Causes of Action are **DISMISSED WITH PREJUDICE.** To the extent the First Cause of Action is based on an alleged unreasonable seizure, it is also **DISMISSED WITH PREJUDICE**. However, Johnson may proceed against Defendant Belcher *only* on his First Cause of Action to the extent it is based on the allegedly unreasonable manner in which he was seized; similarly, he may proceed on his Fifth Cause of Action for attorneys' fees under Section 1988. Belcher is **DIRECTED** to file an Answer to the remaining portions of the Amended Complaint within 14 days after entry of this Order.

**SO ORDERED** this 30th day of September, 2022.

_____
Steven D. Grimberg
United States District Court Judge