**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHRISTOPHER JOHNSON, <br>    Plaintiff, <br>           v. <br> CHANCE BELCHER, <br>    Defendant. | Civil Action No. <br> 1:20-cv-03409-SDG |

**OPINION AND ORDER**

This case is before the Court on Plaintiff Christopher Johnson's motion for leave to add Rob Kirschner and Matt Legerme as Defendants [ECF 68]. For the following reasons, Johnson's motion is **DENIED**.

**I.     Background**

The Court has already addressed Johnson's allegations in detail in two separate orders and recaps them only briefly here. Johnson's claims stem from the early-morning execution of a valid search warrant on his home in October 2019. During the search, Johnson was handcuffed and detained outside for a period of time, while entirely naked and in view of the public.[1] Johnson originally named as defendants twelve police officers—including Kirschner and Legerme—and various John Does.[2]

---

[1]   ECF 34, ¶¶ 16, 20–25.

[2]   ECF 1.

All the named defendants moved to dismiss. In granting their motions, the Court found Johnson's original pleading deficient because it lacked allegations about how each defendant allegedly participated in his seizure.[3] The Court dismissed the Complaint but gave Johnson leave to replead certain claims.[4] In his First Amended Complaint, Johnson named only Chance Belcher as a defendant, along with various John Does (in place of the other specific defendants he had originally named).[5] After another round of motion to dismiss briefing, the Court permitted Johnson to proceed on his claims against Belcher for (1) the allegedly unreasonable manner in which Johnson was seized and (2) attorneys' fees. The Court dismissed with prejudice Johnson's state-law claims and his Section 1983 claim based on his allegedly unreasonable seizure.[6] Belcher answered,[7] and the discovery period began.

---

[3]  ECF 32, at 11–14.
[4]  *See generally* ECF 32.
[5]  ECF 34.
[6]  ECF 50.
[7]  ECF 53.

After discovery had closed, been reopened, and closed again, Johnson filed the instant motion.[8] Belcher responded,[9] as did Kirschner and Legerme.[10] Kirschner and Legerme did not, however, move to intervene in the case.

## II.   Applicable Legal Standard

Johnson seeks leave to add Kirschner and Legerme as defendants under Fed. R. Civ. P. 15.[11] Although the appropriate rule seems to be Fed. R. Civ. P. 21, which provides that the Court may add or drop a party "on just terms," the applicable standard is effectively the same under either rule. *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1255 (11th Cir. 1998) (indicating that, under the facts of the case, the standard for deciding a motion to file an amended complaint to add a party was the same under Fed. R. Civ. P. 15(a) or 21). However, when leave to amend is sought after the deadline imposed by a scheduling order, a heightened standard applies. In such instances, Fed. R. Civ. P. 16 comes into play.

Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Once a scheduling order has been entered, the schedule should not be modified unless it cannot be met

---

[8]   ECF 68.

[9]   ECF 72.

[10]  ECF 71.

[11]  *See, e.g.*, ECF 68, ¶¶ 1–2; ECF 69-1, at 4–6.

"despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). In assessing diligence in the context of a belated motion to amend a complaint, the Eleventh Circuit has indicated that a court should consider whether the plaintiff (1) failed to ascertain the relevant facts before initiating suit or early in the discovery period; (2) had access to the information supporting the proposed amendment before filing suit; and (3) delayed seeking leave to amend. *Id.* at 1419. Put a bit differently, diligence should be assessed by a party's "attempts to gather relevant information during discovery, the timing of when the information became available, and how soon the party moved to amend after discovering the information." *Snadon v. Sew-Eurodrive, Inc.*, 859 F. App'x 896, 897 (11th Cir. 2021) (per curiam). A lack of diligence ends the inquiry. *Sosa*, 133 F.3d at 1418.

### III. Discussion

Before turning to Johnson's request to add defendants, the Court addresses the opposition brief filed by Kirschner and Legerme themselves.

#### A. Kirschner and Legerme's response

Kirschner and Legerme are no longer parties to this action, the claims against them having been dismissed by the Court's order on the original

Complaint.[12] Johnson omitted them entirely from his First Amended Complaint, pursuing claims only against Belcher and unidentified John Does.[13] Even though they are not parties, Kirschner and Legerme filed a "response" in opposition to Johnson's motion to amend.[14] But they did not seek to intervene under Rule 24 or supply any basis for the Court to consider a brief filed by non-parties. *Cf. Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n*, CV421-346, 2022 WL 17327497 (S.D. Ga. Nov. 29, 2022) (granting a motion to intervene by proposed defendants for purposes of opposing a motion for leave to amend to add them as parties).

If the Court were to grant Johnson's motion, Kirschner and Legerme would have the opportunity to move to dismiss any operative complaint against them and thereby protect their interests. Likewise, they can suffer no prejudice if the Court denies Johnson's request for leave since they will not become defendants. Accordingly, the Court declines to consider Kirschner and Legerme's filing.

### B.     Johnson has not demonstrated good cause.

A review of the timeline in this case amply demonstrates why Johnson has failed to show the good cause required by Rule 16 to amend his pleading at this

---

[12]  ECF 32. *See also* ECF 50, at 9–10 (holding that Belcher was the only named defendant in the First Amended Complaint).

[13]  ECF 34; ECF 50, at 11–14.

[14]  ECF 71.

late stage. Belcher answered the First Amended Complaint on October 21, 2022.[15] Accordingly, discovery began on November 21, 2022, and ended on April 20, 2023.[16] LR 26.2 & App'x F, NDGa. Proposed amendments to the pleadings were due by December 21, 2022—thirty days after the start of discovery. LR 7.1(A)(2), NDGa. After that, and pursuant to the Court's Local Rules, requests to amend the pleadings were subject to Rule 16's good-cause standard. Fed. R. Civ. P. 16(b)(4); *Sosa*, 133 F.3d at 1418.[17]

There is no indication on the docket that Johnson attempted to serve or take any discovery before the close of the period. Nearly a month after discovery closed, and three days before dispositive motions were due, the parties moved to reopen discovery for 45 days so that they could depose each other.[18] The Court granted the motion and set July 3, 2023 as the new deadline for the close of discovery, with dispositive motions due by August 1.[19] A week after the close of the *second* discovery period—on July 10, 2023—Johnson first noticed Belcher's

---

[15]   ECF 53.

[16]   Feb. 17, 2023 D.E. Discovery was briefly stayed from January 4 through February 17, 2023. *Id.*; ECF 54.

[17]   The Court did not enter a case-specific scheduling order at that point because the parties did not file the Joint Preliminary Report and Discovery Plan required by the Local Rules. Fed. R. Civ. P. 16(b)(1)(A), 26(f)(2); LR 16.2, NDGa.

[18]   Apr. 21, 2023 D.E.; ECF 61.

[19]   May 23, 2023 D.E.

deposition.[20] Johnson deposed Belcher on July 12.[21] On July 28, Johnson moved to extend the deadline for filing dispositive motions and first indicated that he would move to amend his pleading once he received the Belcher deposition transcript.[22] The Court directed Johnson to file his motion for leave by August 25.[23]

Johnson has not demonstrated the diligence necessary to satisfy Rule 16. Information about the officers involved in his seizure was available to him prior to filing suit and through discovery. Johnson had body camera footage from the search of his home—including footage from Kirschner's camera—before he filed suit.[24] He had body camera footage from Legerme no later than November 2021, when Belcher filed it in support of his second motion to dismiss.[25] Those videos show Johnson's seizure.[26] Johnson knew that Kirschner and Legerme were at the scene: He originally named them as defendants and disclosed them as potential witnesses in his initial disclosures.[27] The Court dismissed the original pleading in part because it did not tie any individual defendant to any particular alleged

---

[20] ECF 64.

[21] ECF 66-1.

[22] ECF 65.

[23] ECF 68.

[24] *See, e.g.*, ECF 5; *id.*, Ex. B (Kirschner video).

[25] ECF 39.

[26] ECF 32, at 11.

[27] ECF 1; ECF 59, at 6.

conduct or violation.[28] Johnson was therefore aware early on that identifying which officer did what was crucial to stating and proving his claims.

When discovery opened, Johnson inexplicably delayed in seeking the deposition of the only remaining defendant or, apparently, any other discovery.[29] As soon as discovery opened, Johnson could easily have sought to identify the officers directly involved in his seizure using any number of methods—interrogatories, depositions, requests for admission, subpoenas. Johnson alleges that Belcher was the officer in charge of the scene and allegedly participated in the seizure,[30] so it should have been evident that Belcher would have relevant testimony and that seeking discovery from him was important. In fact, when Belcher was finally deposed, he testified that Kirschner and Legerme were the officers who physically seized Johnson.[31]

Nowhere has Johnson explained why he waited until *after two discovery periods closed* to attempt to find out Kirschner's and Legerme's (or anyone else's) role in his seizure. Although Johnson's request to extend the dispositive motion deadline states the parties agreed to take Belcher's deposition on July 12, 2023

---

[28]   *Id.* at 11–14.

[29]   Beyond the filing of initial disclosures, the docket does not reflect the service of any discovery by Johnson during either discovery period.

[30]   ECF 34, ¶¶ 16, 40, 49.

[31]   ECF 68, ¶ 14 (citing ECF 66, at 68–75).

because of scheduling conflicts,[32] there is no explanation as to why Johnson did not depose Belcher at any point during the original or reopened discovery period nor why the parties asked to reopen discovery for only 45 days when "scheduling conflicts" would prevent them from completing the desired depositions in that window. In fact, the first time Johnson mentioned his desire to amend his pleading to add Kirschner and Legerme was after the close of the second discovery period—long after the deadline for amendments.[33]

Johnson has not satisfied any of the criteria set forth by the Court of Appeals in *Sosa*. He failed to ascertain the identities of the officers who seized him either before initiating suit or early in the discovery period. And he had access to at least some of the necessary information before filing suit. The body camera videos show Johnson's seizure,[34] and Belcher ultimately identified Kirschner and Legerme from

---

[32] July 28, 2023 D.E.

[33] Belcher argues that Johnson's motion should be denied because he failed to attach the proposed amended pleading. ECF 72. Johnson cured this defect by filing the proposed amendment with his reply brief. ECF 73-1. The Court declines to grant Belcher relief on this basis. However, the Court notes that the proposed amendment is, in large part, futile because it attempts to reassert numerous causes of action that have already been dismissed with prejudice. *See, e.g.*, ECF 73-1, Second, Third, Fourth Causes of Action. To the extent Johnson attempts to state a claim for unreasonable seizure (as opposed to an unreasonable manner of seizure claim), the proposed amended pleading's First Cause of Action is also barred by the Court's previous dismissal Order. ECF 50, at 4–8.

[34] ECF 5.

those videos.[35] Rather than immediately seeking to identify those who allegedly harmed him, Johnson delayed. He let two discovery periods close before seeking any discovery. Even Belcher's deposition was noticed after the close of the reopened period. Given the importance of identifying the officers who seized him to Johnson's ability to bring claims, this lackadaisical approach to obtaining discovery cannot be justified.

Finally, Johnson delayed seeking leave to amend. The deadline for Johnson to amend under the Local Rules was seven months before he informed the Court that he wanted to add Kirschner and Legerme back as defendants. While this was shortly after Belcher confirmed their identities, Johnson simply has not provided any reason why he took no steps to obtain such confirmation much earlier.

Because Johnson failed to exercise diligence in identifying the officers who seized him, he cannot show good cause to add Kirschner and Legerme as defendants now.

---

[35] ECF 66-1, at 67–74.

**IV.    Conclusion**

Johnson's motion for leave to amend the complaint to add parties [ECF 68] is **DENIED**. Dispositive motions must be filed by **February 23, 2024**. If a dispositive motion is not filed, the Consolidated Pre-Trial Order must be filed by **March 8, 2024**, otherwise the Consolidated Pre-Trial Order will be due 30 days after the Court's ruling on any dispositive motion.

**SO ORDERED** this 8th day of February, 2024.

Steven D. Grimberg
United States District Judge